JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Evan Williams, Admin. of the Estate of Julia D. Williams & Brian &
Renee Wetzel, Admins. of the Estate of Haley N. Williams Wetzel

**(b)** County of Residence of First Listed Plaintiff    Schuylkill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Frederick J. Fanelli, Esq., Fanelli, Evans & Patel, P.C.
No. 1 Mahantongo Street, Pottsville, PA 17901 (570) 622-2455

## DEFENDANTS

Audencio Mendoza, Cano & Sons Trucking, LLC, and
Olympus Freight Lines, LLC

County of Residence of First Listed Defendant    State of Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Ross DiBono, Esq., Zarwin, Baum, 1818 Market St., 13th Floor
Philadelphia, PA 19103-3638 (215) 569-2800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
Plaintiff
- ☐ 2   U.S. Government
Defendant
- ☐ 3   Federal Question
*(U.S. Government Not a Party)*
- ☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332(a) (1)

Brief description of cause:
Motor vehicle accident involving parties with complete diversity

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
08/28/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EVAN WILLIAMS, Administrator          :
of the Estate of Julia D. Williams,    :
Deceased,                              :       Docket No.
1238 Cedar Street                      :
Pottsville, PA 17901                   :
                                       :
             And                       :
                                       :
BRIAN S. WETZEL & RENEE M. WETZEL      :
Co-Administrators of the Estate of     :
Haley N. Williams Wetzel, Deceased     :
1238 Cedar Street                      :
Pottsville, PA 17901                   :
                   Plaintiffs          :
                                       :
          vs.                          :
                                       :
AUDENCIO MENDOZA                       :
6208 S. Galaxy Drive                   :
Pharr, TX 78577                        :
                                       :
CANO & SONS TRUCKING, LLC              :
109 Dicker Road                        :
San Juan, TX 78589-4795               :       JURY TRIAL DEMANDED
                                       :
          And                          :
                                       :
OLYMPUS FREIGHT LINES, LLC             :
7108 N. 5th Street                     :
McAllen, TX  78504                     :
                   Defendants          :

## COMPLAINT

AND NOW, come the Plaintiffs, Evan Williams, Administrator of the Estate of Julia D.

Williams, Deceased, Brian S. Wetzel and Renee M. Wetzel, Co-Administrators of the Estate of

Haley N. Williams Wetzel, Deceased, and file this Complaint against the Defendants, Audencio

Mendoza, Cano & Sons Trucking LLC, and Olympus Freight Lines, LLC, upon causes of action

of which the following is a statement:

## The Parties

1.      The Plaintiff, Evan Williams, is an adult individual domiciled at 1238 Cedar Street, Pottsville, Schuylkill County, Pennsylvania, 17901. Evan Williams is the administrator of the estate of his deceased wife, Julia D. Williams, by Letters of Administration of the Schuylkill County Register of Wills dated July 7, 2017.

2.      Plaintiffs, Brian S. Wetzel and Renee M. Wetzel, are adult individuals domiciled at 1238 Cedar Street, Pottsville, Schuylkill County, Pennsylvania, 17901. Brian S. Wetzel and Renee M. Wetzel are the co-administrators of the estate of their deceased daughter, Haley N. Williams Wetzel, by Letters of Administration of the Schuylkill County Register of Wills dated July 7, 2017.

3.      The Defendant, Audencio Mendoza, is an adult individual domiciled at 6208 S. Galaxy Drive, Pharr, Texas, 78577. At all times relevant hereto, Audencio Mendoza was an agent and/or employee of Defendant, Cano & Sons Trucking, LLC.

4.      The Defendant, Cano & Sons Trucking, LLC, (hereinafter "Cano & Sons") is a corporation organized, existing and domiciled under the laws of the state of Texas, with an address of 109 Dicker Road, San Juan, Texas 78589.

5.      The Defendant, Olympus Freight Lines, LLC (hereinafter "Olympus") is a corporation organized, existing and domiciled under the laws of the state of Texas, with an address of 7108 N. 5th Street, McAllen, Texas 78504.

## Jurisdiction and Venue

6.      This Court has jurisdiction over this action as the subject June 22, 2017 fatal crash occurred within the jurisdictional confines of the Middle District of Pennsylvania, diversity of citizenship is met and the amount in controversy exceeds the minimum threshold required to maintain an action in the Federal Courts.

2

7.     Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1337(e)(2) since all Plaintiffs are domiciled within the jurisdictional confines of the United States District Court for the Middle District of Pennsylvania and Defendants regularly conduct business within the jurisdictional confines of the United States District Court for the Middle District of Pennsylvania.  Also, the subject June 22, 2017 fatal crash occurred in the Middle District of Pennsylvania.

### The June 22, 2017 Motor Vehicle Crash

8.     On or about June 22, 2017, Haley N. Williams Wetzel driving a 2011 Hyundai Tucson and was traveling north on Interstate 81 near mile marker 90 in Union Township, Lebanon County, Pennsylvania, at approximately 8:35 p.m.  Julia D. Williams was the front seat passenger in the vehicle driven by her granddaughter, Haley N. Wetzel.

9.     At the same time, a 2011 Kenworth tractor trailer owned by Defendant, Olympus, and operated by the Defendant, Audencio Mendoza, was traveling south on Interstate 81 in the same area.

10.    At all times relevant, Defendant Aundencio Mendoza was in the scope and course of his employment with Defendant Cano & Sons.

11.    On June 22, 2017, at approximately 8:35 p.m., it was dark and rainy with poor visibility on Interstate 81 near mile marker 90 in Union Township, Lebanon County, Pennsylvania.

12.    Defendant Audencio Mendoza lost control of the tractor trailer he was driving, crossed the center median of Interstate 81, and struck the vehicle being driven by Haley N. Williams Wetzel and occupied by Julia D. Williams causing them to suffer fatal injuries.

## Negligence of Defendant, Audencio Mendoza

13.     The June 22, 2017 motor vehicle crash as described above was caused by the negligence of the Defendant Audencio Mendoza which consisted of the following:

(a) Traveling too fast for weather conditions then and there existing;

(b) Traveling in excess of the posted speed limit;

(c) Failing to maintain control of the tractor trailer;

(d) Operating the tractor trailer in a reckless manner in total disregard for Plaintiffs' decedents and others on the roadway by leaving the proper lanes of travel, crossing a large median and crashing into Plaintiffs' vehicle;

(e) "Overdriving" at night as defined by the U.S. Department of Transportation's Federal Motor Carriers Safety Administration;

(f) Violating Section 3301(a) of the Pennsylvania Motor Vehicle Code for driving on the wrong side of the roadway;

(g) Operating a tractor trailer with insufficient tire tread;

(h) Driving when fatigued or tired to the extent that it prevented him from driving in the right lanes of travel;

(i) Failing to keep a proper lookout and observe the roadway, median and opposite lane of travel;

(j) Failing to stop his vehicle either by regular brakes, emergency brakes, reducing gear or other manners to avoid colliding with the Plaintiffs' vehicle;

(k) Being inattentive or distracted using a cell phone or other communicative devices.

14.     As a result of the negligence of Defendant Audencio Mendoza, Plaintiffs' decedents were killed.

4

### Primary Liability of Defendant, Cano & Sons Trucking, LLC

15.    The June 22, 2017 motor vehicle crash as described above was caused by the negligence of the Defendant Cano & Sons which consisted of the following:

(a) Negligently hiring and training Defendant Audencio Mendoza;

(b) Negligently retaining Defendant Audencio Mendoza as an employee;

(c) Creating a working environment that created the likelihood that Defendant Audencio Mendoza would operate a motor vehicle in the manner in which it was operated at the time of the accident;

(d) Negligently managing and supervising its employees;

(e) Creating undue and inappropriate working conditions and stresses in the workplace;

(f) Creating unreasonable and overly burdensome working conditions that caused excessive stress, anxiety and fatigue upon its employees, including but not limited to Defendant Audencio Mendoza;

(g) Failing to make sure the tractor trailer owned by Defendant Olympus and driven by its employee Audencio Mendoza was in good, proper condition, including the tires;

(h) Failing to equip the vehicle with safety devices.

16.    As a result of the negligence of Defendant Cano & Sons, Plaintiffs' decedents were killed.

### Vicarious Liability of Defendant, Cano & Sons Trucking, LLC

17.    Defendant Cano & Sons is legally responsible under the doctrine of *respondeat superior* for the actions and inactions of Defendant Audencio Mendoza, described more fully above.

18.     As a result of the negligence of Defendant Cano & Sons' agent, servant, or employee, Defendant Audencio Mendoza, Plaintiffs' Decedents were killed.

### Liability of Defendant, Olympus Freight Lines, LLC

19.     The June 22, 2017 motor vehicle crash, as described above, was caused by the negligence of the Defendant, Olympus, which negligence consisted of the following:

> (a) Failing to put safe trucks on the road in total disregard for Plaintiffs' decedents and others on the roadway;
>
> (b) Negligently maintaining the tractor trailer;
>
> (c) Failing to inspect the tractor trailer to ensure its safety on the road in total disregard for Plaintiffs' decedents and others on the roadway;
>
> (d) Placing a tractor trailer on the roadway with insufficient tire tread;
>
> (e) Failing to ensure a competent, fit and qualified driver was operating the vehicle;
>
> (f) Failing to equip the truck with proper safety devices.

20.     As a result of the negligence of the Defendant Olympus, Plaintiffs' decedents were killed.

### COUNT I

**Evan Williams, Administrator of
the Estate of Julia D. Williams, Deceased
vs.
All Defendants**

### Wrongful Death Action

21.     Paragraphs 1 through 20 above are fully incorporated.

22.     As a result of the negligence of the Defendants as set forth above, Julia D. Williams died of multiple injuries sustained in the June 22, 2017 crash.

23.     Plaintiff's decedent did not bring any action during her lifetime, nor has any other action for the death of Plaintiff's decedent been commenced against Defendants.

24.     Plaintiff's decedent died intestate.   She is survived by her husband, Evan Williams, 1238 Cedar Street, Pottsville, Schuylkill County, Pennsylvania, and her adult children, Renee M. Wetzel, 1238 Cedar Street, Pottsville, Schuylkill County, Pennsylvania, and Eric Williams, 306 Front Street, Pottsville, Pennsylvania, all of whom are heirs of her estate.

25.     Plaintiff, Evan Williams, as Administrator of the Estate of Julia D. Williams, has a right to and does bring this action under and by virtue of the Act of Legislature of the Commonwealth of Pennsylvania known as the "Wrongful Death Act," 42 Pa. C.S.A. §8301 and 20 Pa. C.S.A. §3373.

26.     Plaintiff, Evan Williams, claims damages for the pecuniary loss suffered as a result of the death of Julia D. Williams, including reimbursement of hospital, medical and funeral expenses, expense of administration and other expenses incurred in connection therewith, and all other damages compensable, including but not limited to, loss of support, contribution, services, society, comfort guidance, tutelage and moral upbringing under the Wrongful Death Act.

WHEREFORE, Plaintiff, Evan Williams, Administrator of the Estate of Julia D. Williams, deceased, respectfully requests this Honorable Court enter judgment in his favor and against Defendants, Audencio Mendoza, Cano & Sons Trucking, LLC, and Olympus Freight Lines, LLC, in an amount which exceeds $75,000.00, exclusive of interest and costs.

## COUNT II

### Evan Williams, Administrator of
### the Estate of Julia D. Williams, Deceased
### vs.
### All Defendants

#### Survival Action

27.     Paragraphs 1 through 26 inclusive above are fully incorporated.

28.     The Plaintiff, Evan Williams, Administrator of the Estate of Julia D. Williams, Deceased, also brings this action on behalf of the Estate of Julia D. Williams, under and by virtue of the Act of Legislature of the Commonwealth of Pennsylvania known as the "Pennsylvania Survival Act," 42 Pa. C.S.A. §8302 and 20 Pa. C.S.A §§3371 and 3373.

29.     The Plaintiff, Evan Williams, Administrator of the Estate of Julia D. Williams, Deceased, also claims on behalf of the estate of Plaintiff's decedent damages for the conscious pain and suffering undergone by Plaintiff's decedent as a result of the negligence of the Defendants herein up to and including the time of her death.

30.     As a result of the death of Julia D. Williams, her estate has been deprived of the economic value of the decedent's life during the period of her life expectancy, and Plaintiff, as Administrator of the Estate of Julia D. Williams, claims damages for the pecuniary loss suffered by the estate as a result of her death, as well as for damages for the medical expenses incurred by Plaintiff's decedent as a result of the negligence of the Defendants herein, their agents, servants, and employees, up to and including the time of her death.

31.     Punitive damages are available under a survival cause of action when actions or inactions demonstrate intentional, willful, wanton, or reckless conduct.

32.     Defendant Audencio Mendoza's actions in causing and creating this accident was intentional, willful, wanton or reckless in that he intentionally was operating a vehicle with bald

8

tires and in poor condition at an excessive speed or a speed which caused him to leave the lane of travel, cross a large median barrier and travel into the opposite lane of travel on an interstate highway. It is also believed and therefore averred that Defendant was fatigued, incompetent and unfit at the time to operate the truck and was reckless in failing to pull over and stop the truck before the crash.

33.     Defendants Cano & Sons and Olympus are vicariously liable for the punitive damages of Defendant Audencio Mendoza.

34.     Defendant Cano & Sons is also independently liable for punitive damages because their conduct was intentional, willful, wanton or reckless in that Defendant knew or should have known that Audencio Mendoza was a fatigued, competent and unfit driver, untrained, and that the vehicle was in disrepair and contained inadequate safety devices to prevent the crash.

35.     Defendant Olympus is also independently liable for punitive damages because their conduct was intentional, willful, wanton or reckless in that Defendant knew or should have known that Audencio Mendoza was a fatigued, competent and unfit driver, untrained, and that the vehicle was in disrepair and contained inadequate safety devices to prevent the crash.

WHEREFORE, Plaintiff, Evan Williams, Administrator of the Estate of Julia D. Williams, deceased, respectfully requests this Honorable Court enter judgment in his favor and against Defendants, Audencio Mendoza, Cano & Sons Trucking, LLC, and Olympus Freight Lines, LLC, in an amount which exceeds $75,000.00, exclusive of interest and costs.

## COUNT III

### Brian S. Wetzel and Renee M. Wetzel, Co-Administrators of the Estate of Haley N. Williams Wetzel, Deceased
### vs.
### All Defendants

#### Wrongful Death Action

36.     The averments of paragraphs 1 through 35 inclusive are incorporated herein by this reference as though set forth fully at length.

37.     As a result of the negligence of the Defendants, and each of them, as set forth more fully above, Haley N. Williams Wetzel died of multiple injuries sustained in the June 22, 2017 crash.

38.     Plaintiffs' decedent did not bring any action during her lifetime, nor has any other action for the death of Plaintiffs' decedent been commenced against Defendants herein.

39.     Plaintiff's decedent died intestate. She is survived by her parents, Brian S. Wetzel and Renee Wetzel, 1238 Cedar Street, Pottsville, Schuylkill County, Pennsylvania, all of whom are heirs of her estate.

40.     Plaintiffs, Brian S. Wetzel and Renee M. Wetzel, as Co-Administrators of the Estate of Haley N. Williams Wetzel, have a right to and do bring this action under and by virtue of the Act of Legislature of the Commonwealth of Pennsylvania known as the "Wrongful Death Act," 42 Pa. C.S.A. §8301 and 20 Pa. C.S.A. §3373.

41.     Plaintiffs, Brian S. Wetzel and Renee M. Wetzel, claim damages for the pecuniary loss suffered as a result of the death of Haley N. Williams Wetzel, including reimbursement of hospital, medical and funeral expenses, expense of administration and other expenses incurred in connection therewith, and all other damages compensable, including but not limited to, loss of

support, contribution, services, society, comfort guidance, tutelage and moral upbringing under the Wrongful Death Act.

WHEREFORE, Plaintiff, Brian S. Wetzel and Renee N. Wetzel, Co-Administrators of the Estate of Haley N. Williams Wetzel, deceased, respectfully requests this Honorable Court enter judgment in his favor and against Defendants, Audencio Mendoza, Cano & Sons Trucking, LLC, and Olympus Freight Lines, LLC in an amount which exceeds $75,000.00, exclusive of interest and costs.

## COUNT IV

### Brian S. Wetzel and Renee M. Wetzel, Co-Administrators of the Estate of Haley N. Williams Wetzel, Deceased
### vs.
### All Defendants

### Survival Action

42.     Paragraphs 1 through 41 above are fully incorporated.

43.     Plaintiffs, Brian S. Wetzel and Renee M. Wetzel, Co-Administrator of the Estate of Haley N. Williams Wetzel, Deceased, also bring this action on behalf of the Estate of Haley N. Williams Wetzel, under and by virtue of the Act of Legislature of the Commonwealth of Pennsylvania known as the "Pennsylvania Survival Act," 42 Pa. C.S.A. §8302 and 20 Pa. C.S.A §§3371 and 3373.

44.     Plaintiffs, Brian S. Wetzel and Renee M. Wetzel, Co-Administrator of the Estate of Haley N. Williams Wetzel, Deceased also claim on behalf of the estate of Plaintiffs' decedent damages for the conscious pain and suffering undergone by Plaintiffs' decedent as a result of the negligence of the Defendants herein up to and including the time of her death.

45.     As a result of the death of Haley N. Williams Wetzel, her estate has been deprived of the economic value of the decedent's life during the period of her life expectancy, and

11

Plaintiffs, as Co-Administrators of the Estate of Haley N. Williams Wetzel, claim damages for the pecuniary loss suffered by the estate as a result of her death, as well as for damages for the medical expenses incurred by Plaintiffs' decedent as a result of the negligence of the Defendants, their agents, servants, and employees, up to and including the time of her death.

46.     Punitive damages are available under a survival cause of action when actions or inactions demonstrate intentional, willful, wanton, or reckless conduct.

47.     Defendant Audencio Mendoza's actions in causing and creating this accident was intentional, willful, wanton or reckless in that he intentionally was operating a vehicle with bald tires and in poor condition at an excessive speed or a speed which caused him to leave the lane of travel, cross a large median barrier and travel into the opposite lane of travel on an interstate highway. It is also believed and therefore averred that Defendant was fatigued, incompetent and unfit at the time to operate the truck and was reckless in failing to pull over and stop the truck before the crash.

48.     Defendants Cano & Sons and Olympus are vicariously liable for the punitive damages of Defendant Audencio Mendoza.

49.     Defendant Cano & Sons is also independently liable for punitive damages because their conduct was intentional, willful, wanton or reckless in that Defendant knew or should have known that Audencio Mendoza was a fatigued, competent and unfit driver, untrained, and that the vehicle was in disrepair and contained inadequate safety devices to prevent the crash.

50.     Defendant Olympus is also independently liable for punitive damages because their conduct was intentional, willful, wanton or reckless in that Defendant knew or should have known that Audencio Mendoza was a fatigued, competent and unfit driver, untrained, and that the vehicle was in disrepair and contained inadequate safety devices to prevent the crash.

WHEREFORE, Plaintiffs, Brian S. Wetzel and Renee M. Wetzel, Co-Administrators of the Estate of Haley N. Williams Wetzel, deceased, respectfully request this Honorable Court enter judgment in their favor and against Defendants, Audencio Mendoza, Cano & Sons Trucking, LLC, and Olympus Freight Lines, LLC, in an amount which exceeds $75,000.00, exclusive of interest and costs.

Respectfully submitted,

FANELLI, EVANS & PATEL, P.C.

By:___*Frederick J. Fanelli/s/*_____
      FREDERICK J. FANELLI, ESQUIRE
      I.D. No. 36672 – ffanelli@feplawyers.com
      SUDHIR R. PATEL, ESQUIRE
      I.D. No. 75914 – spatel@feplawyers.com
      The Necho Allen – No. 1 Mahantongo St.
      Pottsville, PA 17901
      (570) 622-2455
      COUNSEL FOR PLAINTIFFS